UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

IN RE:  CHANTELLE T. DAVIS  Case 14-11414
  Chapter 13

### TRUSTEE'S RESPONSE AND RECOMMENDATION IN SUPPORT OF CONFIRMATION OF PLAN

NOW INTO COURT comes Lucy G. Sikes, Standing Chapter 13 Trustee of the above captioned matter, who files this response and recommendation to the confirmation of the proposed plan of the above debtor, as follows:

I.  FACTS

On June 18, 2014 Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 301 and 1301, et seq. The chapter 13 plan filed July 3, 2014, proposes plan payments of $100.00 a month for a term of 36 months. The plan provides for only one secured claim, which Debtor is to pay directly to Ally Financial for a 2011 Ford Fiesta, and a dividend to unsecured creditors of approximately 3% of scheduled unsecured claims (Docket #7). Attorney fees of $2,800 per the "U.S. Bankruptcy Court, Western District of Louisiana's September 13, 2013 Standing Order Regarding "No-Look" Fees in Chapter 13 Cases" (Standing Order) were requested in the plan.

Trustee objected to confirmation on August 22, 2014, asserting that Debtor improperly filed her 2013 federal tax returns with a filing status of "head of household" (Docket #14). A supplemental objection was filed on August 26, 2014 asserting the requested attorney fees of $2,800 did not comply the Standing Order (Docket #15). The first objection has now been resolved with an affidavit averring that Debtor correctly filed the returns due to a separation from

her husband in 2013. Trustee submits the supplemental objection was filed in error and should not be considered. Trustee now recommends confirmation based upon the reasons set forth as below.

## II. LAW AND ARGUMENT

Chapter 13 plans which provide low plan payments, minimum dividends and minimum secured debt, much like the plan in the instant case, are often described as "disguised chapter 7 plans" or "attorney fee only" plans. Plans so described do not serve the purpose of restructuring or reorganizing debt as intended in Chapter 13. Instead they are filed to allow a Debtor to pay attorney fees over time, an option which is prohibited in Chapter 7. It has been argued that such cases may not be filed in good faith. *Berliner v. Pappalardo (In re Puffer),* 674 F.3d 78, 83 (1st Cir. 2012) (overruling the bankruptcy court's finding that attorney fee only cases were per se bad faith but finding that "The dangers of such plans are manifest, and a debtor who submits such a plan carries a heavy burden of demonstrating special circumstances that justify its submission."). The attorney fees requested in such cases may also be subject to scrutiny as the "standard" fee normally awarded may not be reasonable.

1. <u>Good Faith</u>

All Chapter 13 plans must be filed and proposed in good faith pursuant to 11 U.S.C. § 1325(a)(3) and (a)(7). However, the Bankruptcy Code does not define good faith. The United States Court of Appeals for the Fifth Circuit has adopted a totality of the circumstances approach to determine good faith.

The Court relied on the following seven factors:

1) the reasonableness of the proposed repayment plan;
2) whether the plan shows an attempt to abuse the spirit of the bankruptcy code;

3) whether the debtor genuinely intends to effectuate the plan;
4) whether there is any evidence of misrepresentation, unfair manipulation, or other inequities;
5) whether the filing of the case was part of an underlying scheme of fraud with an intent not to pay;
6) whether the plan reflects the debtor's ability to pay; and
7) whether a creditor has objected to the plan.

*In re Chaffin*, 816 F.2d 1070, 1074 (5th Cir. 1987), *modified*, *In re Chaffin*, 836 F.2d 215, 216-17 (5th Cir. 1988); *Suggs v. Stanley (In re Stanley)*, 224 Fed. Appx. 343, 346( 5th Cir. 2007); *Sikes v. Crager (In re Crager)*, 691 F.3d 671 (5th Cir. 2012).

2. <u>Reasonableness of Attorney Fees</u>

All attorney fees awarded must be disclosed and evaluated for reasonableness pursuant to 11 U.S.C. §§ 329 and 330. The United States Fifth Circuit uses the "lodestar" method to calculate attorneys' fees. *Shipes v. Trinity Industries*, 987 F. 2d 311 (5th Cir.), cert denied, 126 L. Ed.2d 450 (1993). The lodestar is computed by multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work. *Id*. The court then adjusts the lodestar upward or downward depending upon the respective weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir., 1974). The twelve factors are as follows:

(1) the time and labor;
(2) the novelty and difficulty of the questions;
(3) the skill requisite to perform the legal service properly;
4) the preclusion of other employment by the attorney due to acceptance of the case
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or the circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation and ability of the attorneys;
(10) the "undesirability" of the case;
(11) the nature and length of the professional relationship with the client;
(12) awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir., 1974).

3. Standard "No Look" Fee

Due to the voluminous nature of Chapter 13 practice, the United States Bankruptcy Court for the Western District of Louisiana adopted a "no-look" fee in order to streamline the process for the compensation of attorneys in ordinary cases. (*See* Exhibit A, Amended Standing Order Regarding "No-Look" Fees in Chapter 13 Cases, effective September 13, 2013). The Standing Order provides the "no-look" fee for standard cases in the amount of $2,800 would be routinely approved without a formal fee application as contemplated by 11 U.S.C. Section 330. The Standing Order further provides a higher "no-look" fee of $3,200 in special categories of cases: (1) if the plan provides for mortgage payment and arrears; (2) if the Debtor is engaged in business; or (3) if debtor(s) have two or more years of required returns past due which results in the "holding" open of the 11 U.S.C. § 341 Meeting of Creditors OR it becomes necessary to delays confirmation under 1325(a)(9) so that the returns may be filed. Standing Order, Section 1, sub (A)-(D).

The Standing Order also provides for a reduction in the amount of attorney fees. In cases where the monthly plan payment is less than $200.00, the "no-look" fee must be reduced to either: (1) 10 times the monthly plan payment; or (2) if the plan provides for disbursements to secured creditors, the attorney fee should not exceed 10 times the combined total of the monthly plan payment and payment(s) to secured creditors, up to the sum of $2,800. Standing Order 2(A)(I) and (ii). The language has been interpreted to mean that if the debtor has a plan payment of $100 per month, and the debtor is not making any direct payments on secured claims, then the total attorney fee allowed under the Order is $1000, or ten times the monthly plan payment. If the debtor files a plan with a $100 plan payment, but the debtor also proposed to pay her car payment of $250 directly, then the attorney fees authorized under the order would be considered

as follows: $100 plan payment plus $250 direct payment equals $350. $350 times 10 is $3,500. The debtor's attorney would be entitled to a fee more than $1,000, since there is a direct payment, but the attorney fee is allowed only up to the maximum sum of $2,800. The Standing Order also states that "nothing in this Standing Order should be viewed as barring an objection to a presumptive fee request by any party in interest or the Court, sua sponte." (Standing Order, page four).

4. <u>Application of Good Faith and Reasonableness of Attorney Fees in the U.S. Fifth Circuit</u>

The United States Court of Appeals for the Fifth Circuit recently reviewed "attorney fee only" plans in *Sikes v. Crager* (*In re Crager*), 691 F.3d 671 (5th Cir. 2012). The Debtor in *Crager* filed a plan proposing payments of $86.00 a month for 36 months. The Debtor's only source of income was social security and food stamps and the plan provided for only one secured debt, a home mortgage to be paid directly by Debtor. Debtor had never defaulted on the mortgage payments or the payments due to her unsecured creditors. The plan proposed to pay a dividend of $76.00, less than 1% of the scheduled claims. However, Debtor's attorney sought the standard fee of $2,800 per the standing order for the United States Bankruptcy Court for the Western District of Louisiana, ensuring essentially all disbursements would go to the payment of attorney fees.

The Trustee objected to the plan on the grounds that "attorney fee only" Chapter 13 cases were an abuse of the spirit of Chapter 13 and therefore not filed in good faith. The Trustee further argued that the attorney fees requested were unreasonable. *Crager* at 674. At trial, the Debtor in *Crager* testified that she chose to file a chapter 13 case rather than a chapter 7 because she could not afford to pay attorney fees upfront as required by a chapter 7 plan. She was also concerned that a chapter 7 would prevent her from declaring bankruptcy again for longer than if

she filed a Chapter 13 in the event that she became ill. *Crager* at 674. The Bankruptcy Court overruled Trustee's objection and confirmed the plan. The U.S. District Court for the Western District of Louisiana reversed the Bankruptcy Court, finding the plan was not filed in good faith. *Id*.

The United States Court of Appeals reversed the ruling of the District Court, finding that "There is no rule in this circuit that a Chapter 13 plan that results in the debtor's counsel receiving almost the entire amount paid to the Trustee, leaving other unsecured creditors unpaid, is a per se violation of the "good faith" requirement, and the district court erred when it reversed the bankruptcy court on that ground." *Crager* at 676. The Court dismissed the Trustee's assertion that attorney fee only plans violated the spirit of the bankruptcy code. The Court noted that while such a consideration was one of the factors in considering the totality of the circumstances when assessing good faith noting that it "is only one of the seven factors." *Crager* at 676.

The present case is distinguishable from the *Crager* case. In the *Crager* case, the debtor proposed a plan to pay $86 for 36 months, $2,800 in attorney fees, and approximately $76 to unsecured creditors. Ms. Crager was retired and lived solely on Social Security retirement income. She devoted her entire disposable income, such as it was, to the plan. She was current on her home mortgage and had never defaulted. The bankruptcy court made a factual determination that debtor filed a Chapter 13 in good faith, despite the fact that the majority of the funds paid were for attorney fees only. On appeal, the Fifth Circuit found no abuse in Crager's reasoning for filing a chapter 13, that she might need to file another bankruptcy case sooner than later and that she could not afford to pay Chapter 7 attorney fees up-front.

In the present case, debtor Chantelle Davis is a single mother, as her Schedule J indicates she provides for her 6 year old son. She testified at the 341 meeting that she receives no child

support and is the sole support of the minor child. She is employed as a driver and is a wage earner. She is paying her car note to Ally Financial directly and is not in default on payments. She is proposing a dividend of $550 to unsecured creditors, an estimated 3% distribution. She has not previously filed for bankruptcy relief. She has debts caused by separation from her former spouse according to Schedule F. Therefore, it appears unlikely such an abuse would be found in this case, where the Debtor is an employed, single parent with a young child, an encumbered vehicle and substantial unsecured debt.

Additionally, the attorney fees of $2,800 requested comply with the standing order. A reading of the *Crager* ruling indicates Debtor attorney would have earned the fee once the Trustee objected to the case, "Most importantly, the Trustee's objection was based on the false premise that Crager's case was "more simplistic" than the average Chapter 13 bankruptcy. Indeed, the Trustee's own "bad faith" challenge to Crager's plan transformed the case from a routine Chapter 13 matter into a complicated proceeding." *Crager at* 677.

In the wake of the *Crager* decision and the Standing Order, the Chapter 13 Trustee continues to review each case to ensure the requirements of good faith are met and that all attorney fees requested are reasonable pursuant to the provisions of the bankruptcy code. Other than the instant case being essentially an "attorney fee only" plan, Trustee determined that nothing in the schedules, statements and related documents filed with the court or Debtor's testimony at her 11 U.S.C. § 341 Meeting of Creditors indicated the case had been filed in bad faith based on the totality of the circumstances.

For the foregoing reasons, Trustee respectfully submits that plan confirmation be approved pursuant to the above filed Response and Recommendation.

Respectfully submitted,

*/s/Lucy G. Sikes*
Lucy G. Sikes LA Bar Roll #22787
P O Box 1770
Shreveport, LA  71166
Phone (318) 673-8244

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Trustee's Response has**September 15, 2014** been served on the debtor(s) *at the address listed below, on September 15, 2014,* by placing of the same in the United States mail, postage prepaid, and to debtor(s) attorney electronically, through CM/ECF.

Chantelle T. Davis
3730 Fairfield Ave.
#151
Shreveport, LA 71104

*/s/Lucy G. Sikes*